

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-2-2008

# Cosmas v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1546

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Cosmas v. Comm Social Security" (2008). *2008 Decisions.* Paper 919.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/919

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 07-1546

———

NICHOLAS COSMAS,
                                Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 06-cv-01300)
District Judge: Hon. Garrett E. Brown, Jr., Chief Judge

———

Submitted Under Third Circuit LAR 34.1(a)
June 24, 2008

Before: SLOVITER, BARRY and ROTH, Circuit Judges

(Filed: July 2, 2008)

———

OPINION

SLOVITER, Circuit Judge.

Appellant Nicholas Cosmas appeals from the decision of the District Court affirming the denial of his claim for Disability Insurance Benefits ("DIB"). Cosmas argues that the Administrative Law Judge's ("ALJ") determination that he was able to resume his past work was not supported by substantial evidence.

## I.

Because we write principally for the parties, we recite only those facts necessary to our disposition. Cosmas was employed as a comptroller for much of his life, working in this capacity at London Records and then at Tri-State Environmental Contracting, a company partially owned by Cosmas' wife. Cosmas' duties at Tri-State included hiring and firing employees, supervising staff members, and reviewing financial reports. He was paid $1,800 per week for his work at Tri-State, earning $121,900 in 2001. Cosmas alleged that his job required him to walk for two hours per day, stand for two hours per day, and sit for four hours per day. When he became ill, his wife took over his duties.

Cosmas' medical history appears in the District Court's well-reasoned opinion, which sets forth that Cosmas underwent a series of medical procedures and surgeries to treat his history of sarcoma of the groin beginning in 2000 and ending in 2001. Cosmas subsequently filed an application for DIB, which was denied.

Following a hearing, the ALJ denied his application and the Appeals Council declined his request for further review. Cosmas then filed suit in the United States

2

District Court for the District of New Jersey, seeking review of the Commissioner's decision. The District Court affirmed the Commissioner's denial of benefits. This timely appeal followed.

## II.

We review the Commissioner's decision to deny DIB for substantial evidence. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). We are bound by the factual findings of the Commissioner if they are supported by substantial evidence. Id.

## III.

Claimants seeking DIB under the Social Security Act must satisfy the five-step sequential analysis provided by the regulations. 20 C.F.R. § 404.1520. The ALJ performed this required analysis and determined that: (1) Cosmas had not engaged in any substantial gainful activity; (2) Cosmas' impairments were severe; (3) his impairments did not meet or equal the impairments lists in appendix 1 of the regulations; (4) Cosmas' allegations regarding his limitations were not totally credible; (5) Cosmas had the residual functional capacity ("RFC") to fulfill the full range of sedentary work; and (6) could return to his "past relevant work as controller-treasurer . . . as the job is performed in the national economy." A.R. at 23. Thus, the ALJ determined that Cosmas was not "disabled" within the meaning of the Social Security Act. According to Cosmas, this determination was reached in contravention of the record evidence. We disagree.

Our review of the record reveals that substantial evidence supports the ALJ's

finding that, despite the effects of Cosmas' surgeries, he retained the RFC for a full range of sedentary work. For example, both Dr. Goydos and Dr. Salvati (Cosmas' surgeons) reported that there was no evidence of reoccurrence of Cosmas' sarcoma. Dr. Goydos further noted that Cosmas' wound-site was well-healed, and that Cosmas' gait was normal. Dr. Liarena, the State agency medical consultant, opined that Cosmas could occasionally lift twenty pounds, stand/and or walk two hours in an eight-hour workday, and sit approximately six hours in an eight-hour work day. Finally, Dr. Wieliczko noted that although Cosmas suffered from depression he was not severely medically impaired. Considered as a whole, this evidence supports the conclusion that Cosmas retained RFC to perform sedentary work.

Cosmas' assertion that the shared conclusions of Drs. Gordon, Bhokari, and Murray — all of whom noted that Cosmas suffered from depression — contradict the finding of RFC is unavailing. The ALJ considered this evidence, but concluded that Cosmas' mental condition was benign. Moreover, the ALJ referred to Dr. Gordon's report, which noted that although Cosmas had been diagnosed with a depressive disorder, "the balance of the mental status examination was normal, since the claimant was oriented in three spheres, his speech was intact, he had good judgment and he was not suicidal." A.R. at 21. In addition, the ALJ relied on record evidence demonstrating that Cosmas was able to complete serial seven subtractions and basic memory exercises, and that he lacked decompensation episodes in his medical history, thereby showing that

4

Cosmas did not have an impairment with any greater than a slight effect on his mental ability to perform his work. Given this evidence, we cannot say that the ALJ's denial was not based on substantial evidence.

Nor can we say that the ALJ's rejection of Dr. Murray's medical opinion was improper. Dr. Simon D. Murray, Cosmas' treating physician, opined by letter dated October 10, 2002, that Cosmas "ha[d] suffered greatly during the past year because of severe stresses in his life"; that Cosmas was "unable to work and it [was] unlikely that he [would] ever be able to work"; and that in his "opinion, [Cosmas] should be on permanent disability." A.R. at 51. Although the opinion of a claimant's treating physician is usually entitled to deference, it only receives controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [in the claimant's] record . . . ." 20 C.F.R. § 404.1527(d)(2). Here, there is no such support. As noted by the ALJ, Dr. Murray's evaluation was based only on Cosmas' self-reported symptoms of fatigue. Beyond the fact that Dr. Murray's assessment was based on Cosmas' subjective complaints, the record as a whole contradicts Dr. Murray's opinion that Cosmas could sit for four hours and never stand, walk, push or pull for any length of time.

In addition to the medical evidence discussed above, the non-medical evidence of record also contradicts Dr. Murray's conclusion. For example, Cosmas noted that he watched television, read, operated a vehicle, gardened, and helped with household chores.

5

As the record as a whole does not support Dr. Murray's opinion, we cannot say that the ALJ failed to consider it properly.

Cosmas' final argument is that the ALJ failed to follow the Social Security Administration's regulatory protocol by not comparing the physical and mental requirements of past relevant work with Cosmas' physical and mental RFC on a task by task basis. The ALJ, however, made specific reference to the U.S. Department of Labor's Dictionary of Occupation Titles (4th ed. 1991), available at http://www.oalj.dol.gov/libdot.htm, which stated that Cosmas' prior position is performed at a sedentary level and requires significant educational development. See 20 C.F.R. § 404.1566(d)(1) (providing that the Commissioner may take administrative notice of job descriptions and their attendant demands). As discussed above, the ALJ properly determined that Cosmas lacked a mental impairment and that Cosmas could perform sedentary work. Accordingly, given the demands of his previous occupation, we cannot say that the ALJ's finding that Cosmas could resume his work as a controller-treasurer is unsupported by substantial evidence.

**IV.**

For the above-stated reasons, we will affirm the judgment of the District Court.

6